[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12184
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60020-CMA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAFAEL ARCANGEL SANDOVAL-MERCADO,
a.k.a. Carlos Enrique Vargas Soto,
a.k.a. Rafael Arcangel Sandoval,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 4, 2011)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Rafael Arcangel Sandoval-Mercado was convicted for aggravated identity theft and illegal reentry into the United States. He now appeals his sentence of 36 months' imprisonment. He argues that the sentence is unreasonable because the district court failed to consider all the factors under 18 U.S.C. § 3553(a) and failed to provide a proper "Statement of Reasons." Thus, Sandoval-Mercado challenges only the process by which the district court imposed the sentence—he makes no argument as to the substantive reasonableness of the sentence.

We review a district court's imposition of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). To assess whether a sentence is procedurally reasonable, we determine whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the [sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *Id.* at 51. The district court need not have discussed each § 3553(a) factor individually, but need only have acknowledged that it considered the defendant's arguments and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). As the Supreme Court explained in *Rita v. United States*, "[t]he sentencing judge should set forth enough to satisfy the

appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." 551 U.S. 338, 356 (2007). Thus, the law leaves much to the district judge's "own professional judgment." *Id.*

Sandoval-Mercado argues that the sentencing judge "only provided a boiler-plate Statement of Reasons that was unresponsive and silent to the issues presented in the Sentencing Hearing." But we find that the statements of the district judge during sentencing are sufficient to meet any procedural requirements: Upon sentencing Sandoval-Mercado, the district court acknowledged that it had considered the pre-sentence investigation report with its advisory guidelines and the § 3553(a) factors. Because we find no procedural error,[1] we conclude that the district court did not abuse its discretion in sentencing Sandoval-Mercado to 36 months' imprisonment. Accordingly, we affirm.

**AFFIRMED.**

---

[1]Ordinarily, once we determine that the district court's decision was procedurally sound, we next consider the substantive reasonableness of the sentence imposed. *Gall*, 552 U.S. at 51. However, a party abandons any issue that it has not clearly delineated in its initial appellate brief. *Fed. Sav. and Loan Ins. Corp. v. Haralson*, 813 F.2d 370, 373 n.3 (11th Cir. 1987). We will not reach the issue of substantive reasonableness because Sandoval-Mercado did not argue it here.